Duquesne Steel Foundry Co., Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 5217.   Promulgated February 15, 1929.

*William F. Knox, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

468

OPINION.

Van Fossan: The issue in this case is confined solely to the question whether or not the petitioner is entitled to special assessment under the provisions of section 210 of the Revenue Act of 1917 and the regulations established thereunder. Section 210 provides:

That if the Secretary of the Treasury is unable in any case satisfactorily to determine the invested capital, and the amount of the deduction shall be the sum of (1) an amount equal to the same proportion of the net income of the trade or business received during the taxable year as the proportion which the average deduction (determined in the same manner as provided in section two hundred and three, without including the $3,000 or $6,000 therein referred to) for the same calendar year of representative corporations, partnerships, and individuals, engaged in a like or similar trade or business, bears to the total net income of the trade or business received by such corporations, partnerships, and individuals, plus (2) in the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000.

For the purpose of this section the proportion between the deduction and the net income in each trade or business shall be determined by the Commissioner of Internal Revenue in accordance with regulations prescribed by him, with the approval of the Secretary of the Treasury. In the case of a corporation or partnership which has fixed its own fiscal year, the proportion determined for the calendar year ending during such fiscal year shall be used.

The pertinent provisions of article 52, Regulations 41, are as follows:

Section 210 provides for exceptional cases in which the invested capital can not be satisfactorily determined. In such cases the taxpayer may submit to

the Commissioner of Internal Revenue evidence in support of a claim for assessment under the provisions of section 210. (See articles 18 and 24.) Such exceptional cases may consist, among others, of the following:

(1) Where, through defective accounting or the lack of adequate data, it is impossible accurately to compute invested capital.

\* \* \* \* \* \* \* \*

(3) Long-established business concerns which by reason of ultra-conservative accounting or the form and manner of their organization would, through the operation of section 207, be placed at a serious disadvantage in competing with representative concerns in a like or similar trade or business.

Referring to section 210 of the Revenue Act of 1917, we said in *West End Consolidated Mining Co.*, 3 B. T. A. 127:

This section provides only one ground for special relief, namely, "if the Secretary of the Treasury is unable satisfactorily to determine the invested capital." The invested capital of the taxpayer, based on the January 1, 1914, value of its assets, has been determined and was not attacked upon the hearing before the Board. There is nothing in the history relating to this section to which our attention has been called, or which we have been able to find, which would extend the scope of this section beyond its words. It is true, as pointed out by counsel for the taxpayer, that the Commissioner found it impracticable to follow the section literally and laid down regulations which broadened its scope, and that this was done with the implied consent of Congress, but the taxpayer has not, in our opinion, brought itself within any of the classes mentioned within the regulations.

The same observations may pertinently be made as to the case at bar. Petitioner alleges that the cost of manufacture and purchase of certain patterns, flasks and other equipment for a long period of years was treated as an item of expense rather than of invested capital and that such an ultra-conservative business policy and accounting method constituted an abnormal condition entitling it to special assessment under section 210 and article 52, Regulations 41. Whether such items should be charged to capital account or to expense is a question on which opinion might easily differ. Many patterns and flasks are specially constructed for single orders and perhaps never again used, others might be used on re-orders. In such a situation proper accounting might amply justify the treatment of such expenditures as a charge to expense rather than to capital account. Cf. *Hall Printing Press Co.*, 2 B. T. A. 119; *Co-operative Foundry Co.*, 2 B. T. A. 888; and *Isbell-Porter Co.*, 12 B. T. A. 621. Petitioner's own practice of charging these items to expense rather than capital account creates a reasonable inference that it deemed them more properly to be so charged. So far as the record shows this may be the general accounting practice in the industry. Petitioner did not prove it to be exceptional.

In any event the record is wholly insufficient to enable us to hold that the respondent is unable satisfactorily to determine petitioner's invested capital. No proof was submitted of the amount of invested

capital allowed by respondent nor of the items or basis used in his computation. For aught that appears the respondent may have made due and proper allowance for the alleged infirmities of petitioner's accounting methods and records.

Such matters are essential items of proof and can not be left to inference or conjecture. The presumption of correctness attaching to the respondent's finding must be overcome by proof of such a character as will enable us definitely to say that respondent has erred. Petitioner having failed to furnish such proof, the finding of the respondent will not be disturbed.

*Judgment will be entered for the respondent.*